UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DEDREN SHERMANE BRADLEY**<br>    **LA. DOC #564685**<br>**VS.**<br><br>**TENSAS DETENTION CENTER,**<br>**ET AL.** | **CIVIL ACTION NO. 3:15-cv-0927**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES**<br><br>**MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se plaintiff Dedren Shermane Bradley, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 27, 2015. Plaintiff is an inmate in the custody of the Department of Corrections (DOC). He is incarcerated at the Dixon Correctional Institute; however, he complains of circumstances that arose when he was confined at the Tensas Detention Center (TDC). He sued TDC, Warden Smith, and Captain Bass and prayed "for proper charges to be filed against Warden Smith and Captain Bass... [f]or proper compensation of pain and suffering from blows to head, neck, back and arms along with paranoid activities still taking place while still incarcerated." He also requested that "the police report that I attempted to have filed be filed... construct (sic) contempt and obstruction of justice charges as well if denial of justice due to length of matter."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Statement of the Case*

Plaintiff is a DOC inmate. On May 3, 2014, he was an inmate in the TDC. On that day he was stabbed 18 times by a fellow inmate. He was treated for his injuries at a nearby hospital and then returned to TDC. Upon his return he was placed in lock-down and, on May 5, 2014, he executed a "Witness/Victim Statement" outlining the particulars of the assault. On August 9, 2014, he submitted a grievance in which he complained that shortly after his return to TDC, he met with Warden Smith and Captain Bass; he told his side of the story and Warden Smith asked him, "... what he could do to make this better..." When Smith became aware of plaintiff's rap sheet he advised plaintiff that plaintiff "had [too] much time for him to make this disappear." He was then advised to accompany Captain Bass to his office where he was to prepare his witness statement. When plaintiff inquired about the whereabouts of the investigating officer, Bass "told me they faked the police report over." Plaintiff sent a copy of the report to his aunt who on some unspecified date advised plaintiff that she was told the report had never been filed. Plaintiff concluded his grievance by requesting that "charges be filed on Warden Smith and Captain Bass for hiding the police report."

*Law and Analysis*

*1. Screening*

As a prisoner seeking redress from an officer or employee of a governmental entity, plaintiff's civil rights complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A, even though he has paid the full filing fee. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state

a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

## 2. Failure to Protect

Read liberally, plaintiff complains (1) that he is entitled to compensatory damages from the defendants because they failed to protect him from harm while in their custody; and, (2) that they thereafter engaged in a "cover up" of the incident in question and that they should therefore be criminally charged and prosecuted for their role in the cover up.

Plaintiff's right to protection from inmate violence is governed by the Eighth Amendment's prohibition of cruel and unusual punishment and is measured by the standard of subjective deliberate indifference enunciated by the Supreme Court in *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under that standard, a prison official is not liable for failing to protect an inmate unless the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In order to prevail plaintiff must establish that the defendant officials: (1) were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and, (2) actually drew the inference. *Farmer*, 511 U.S. at 837. Negligent inaction can never be the basis of a failure to protect claim. *Farmer*, 511 U.S. at 835.

The legal conclusion of deliberate indifference must rest on facts clearly evincing "wanton" actions on the part of defendants. *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985). In *Smith v. Wade*, 461 U.S. 30, 39 n. 8, 103 S.C. 1625, 1632 n. 8, 75 L.Ed.2d 632

(1983), the Court approved the following definition of wanton: "'Wanton means reckless – without regard to the rights of others ... Wantonly means causelessly, without restraint, and in reckless disregard of the rights of others. Wantonness is defined as a licentious act of one man towards the person of another, without regard to his rights; it has also been defined as the conscious failure by one charged with a duty to exercise due care and diligence to prevent an injury after the discovery of the peril, or under circumstances where he is charged with a knowledge of such peril, and being conscious of the inevitable or probable results of such failure.' 30 American and English Encyclopedia of Law 2-4 (2d ed. 905) (footnotes omitted)."

Nothing in plaintiff's complaint suggests that the defendants were guilty of deliberate indifference with regard to the complained of altercation between plaintiff and his fellow inmates. Nothing suggests that these defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed. Additionally, in considering whether defendants have failed to protect an inmate, Courts must look to whether there was a "substantial" or "pervasive" risk of harm preceding the assault. A "pervasive" risk of harm may not ordinarily be shown by pointing to a single or isolated incident. *See e.g. Falls v. Nesbitt*, 966 F.2d 375, 378 (8th Cir.1992) (holding a "pervasive risk" is something more than a single incident and something less than a riot). Here plaintiff alleged no facts to suggest that the attack on him was at all foreseeable; indeed, he himself suggests that the assault was unforeseeable. Inmates are unlikely to recover under Section 1983 for injuries sustained in an isolated assaults unless they can prove that the authorities either "set him up" for the assault or deliberately ignored his repeated and clearly well-founded claims of danger. There are no allegations that the defendants set plaintiff up for the attack or ignored specific claims of danger prior to the attack. The facts

alleged do not demonstrate that the defendants inferred that plaintiff was at risk of an event such as the one complained of. Finally, as noted above, it does not appear that the attack was a foreseeable consequence of any violations of prison policy. Therefore, plaintiff's failure to protect claim fails to state a claim for which relief may be granted.

### 3. Criminal Charges

Plaintiff also faults defendants Smith and Bass for engaging in a "cover up;" he asks this Court to take steps to ensure that these two defendants are criminally prosecuted. There is no constitutional right to have a person criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir.1990). The prosecution of criminal actions in the federal courts is a matter solely within the discretion of the Attorney General of the United States, and duly authorized United States Attorneys. The prosecution of criminal actions in the Louisiana courts is a matter solely within the discretion of the Louisiana Attorney General and the various District Attorneys. See La. C.Cr.P. arts. 61 and 62.

To the extent that plaintiff demands that the defendants be prosecuted, his claim is frivolous.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, May 11, 2015.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**